IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDWIN HERRERA, #K73429, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>LIEUTENANT WALTERS, C/O STOUT, )<br>and NURSE HARDY, )<br>)<br>Defendants. ) | CASE NO. 11-cv-00810-JPG |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Herrera, an inmate in Stateville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on an incident that occurred while Plaintiff was housed at the Lawrence Correctional Center.  Plaintiff is serving a six year sentence for vehicle theft.  This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

### The Complaint

On February 28, 2010, Plaintiff was involved in an altercation with his cellmate, which drew Defendants Lt. Walters and C/O Stout to the cell. The prisoners ceased fighting when Defendant Walters threatened to use pepper spray. Plaintiff and his cellmate were handcuffed and Plaintiff was moved to segregation. Plaintiff alleges that as Defendants dragged him, unresisting, Defendant Walters slammed Plaintiff's head into a steel door. Plaintiff, close to fainting, asked for medical treatment, but Defendant Stout and an unknown officer each grabbed

one of Plaintiff's legs with Defendant Walters holding Plaintiff's torso.  The Defendants and the unknown officer slammed Plaintiff's legs against the ground and all three began pulling.  Plaintiff felt something tear in his leg.  In the medical unit, Defendants slammed Plaintiff on the ground and Defendant Walters knelt on Plaintiff's injured leg.

In the medical unit, Plaintiff explained the incident to Defendant Nurse Hardy, who performed diagnostics by ordering x-rays be taken of Plaintiff's leg.  Plaintiff then went to segregation for a period of one week. During that week, Plaintiff complained of pain to the medical personnel, including Defendant Hardy, whom he saw passing his cell.  None of them provided him with care or pain medication.  After one week, Plaintiff returned to the medical unit to see Defendant Hardy a second time.  She told him the x-rays were negative, showing nothing wrong.  She suggested that he go to recreation, since movement and exercise might improve his leg.  Plaintiff wrote a request to see a physician, which was denied.  His request for a second opinion from alternate medical staff was ignored.

Later on, after being moved to another cell, an unknown nurse stopped at Plaintiff's cell and agreed to examine his leg.  The leg appeared to be infected, and after the nurse reported the matter, Plaintiff traveled by ambulance to a hospital.  Plaintiff received an operation several days later on a torn artery that had caused internal bleeding.  The surgeon also cut out a lot of tissue due to the excessive build-up of blood from the artery.  After the operation, the physician told Plaintiff that if the surgery had not occurred when it did, Plaintiff could have bled to death.  Plaintiff's leg retains permanent damage.

Plaintiff requests relief in the form of both compensatory and punitive damages.

**Discussion**

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into two (2) counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1 – Excessive Force**

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 130 S. Ct. 1175 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). An inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 130 S. Ct. at 1180 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.* (the question is whether force was de minimis, not whether the injury suffered was de minimis); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

In the case at bar, Plaintiff alleges that he and his cellmate stopped fighting after the threat of pepper spray and that he did not resist while being moved to segregation. Plaintiff further states that Defendant Walters slammed his head against the wall and Defendants Walters and Stout participated in pulling Plaintiff's torso and legs in different directions. Plaintiff was also slammed to the floor in the medical unit and Defendant Walters knelt on his injured leg. Plaintiff sustained a lasting serious injury from the Defendants' conduct. Based on these facts, it

4

is not clear whether Defendants Walters' and Stout's actions were executed in a good faith effort to maintain or restore discipline or were carried out maliciously. Additionally, it cannot yet be determined whether the force used was de minimis. Therefore, Plaintiff's claim for use of excessive force against Defendants Walters and Stout cannot be dismissed at this time.

**Count 2 – Deliberate Indifference to Serious Medical Need**

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001).

> To prevail on an Eighth Amendment claim, a plaintiff must show that the responsible prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Dunigan ex rel. Nyman v. Winnebago Cnty.*, 165 F.3d 587, 590 (7th Cir. 1999). Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm . . . . Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

5

*Farmer,* 511 U.S. at 842.

The Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain"; (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment"; (3) "presence of a medical condition that significantly affects an individual's daily activities"; or (4) "the existence of chronic and substantial pain". *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). With respect to the subjective element, the Seventh Circuit has frequently noted that "medical malpractice in the form of an incorrect diagnosis or improper treatment does not state an Eighth Amendment claim." *Id.* at 1374.

Plaintiff describes a condition that meets several of the *Gutierrez* factors. Without medical treatment, a torn artery could lead to substantial internal bleeding or death. A reasonable physician or medical professional would find a torn artery to necessitate medical treatment, as shown by the treatment given when the unnamed nurse finally examined Plaintiff's leg and he went to the hospital. Plaintiff does not provide facts to establish how the injury affected his daily activities, but his complaints to the medical personnel visiting his cell block indicate that the pain was substantial and ongoing. Plaintiff fulfills the objective prong of an Eighth Amendment claim for deliberate indifference to a serious medical need.

Plaintiff fails to establish, however, that Defendant Hardy knew there to be a substantial risk of serious harm. Defendant Hardy performed diagnostics based on his complaint, x-raying his leg. She saw him a second time, and based on his x-rays and her medical knowledge, she opined that Plaintiff was not injured. Furthermore, she suggested, reasonably in light of the normal x-rays, that Plaintiff's condition might improve with exercise. Though Defendant

Hardy's opinion proved incorrect, her actions indicate negligence or possible medical malpractice rather than deliberate indifference.  Plaintiff fails to establish the subjective prong of an Eighth Amendment claim for deliberate indifference to a serious medical need.  This claim should be dismissed at this time.

**Disposition**

      **IT IS HEREBY ORDERED** that **COUNT TWO** fails to state a claim upon which relief may be granted, and thus is **DISMISSED** without prejudice.  Defendant **HARDY** is **DISMISSED** from this action without prejudice.

      Because the Court finds that Herrera's claim of use of excessive force against Defendants Walters and Stout withstands screening under 28 U.S.C. § 1915A, it is hereby **ORDERED** that the Clerk of Court shall prepare for Defendants **WALTERS** and **STOUT**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Order to Defendants' places of employment as identified by Herrera.  If Defendants fail to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within **thirty (30) days** from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendants, and the Court will require Defendants to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

      It is **further ORDERED** that, if Defendants no longer can be found at the work address provided by Marshall, the employer shall furnish the Clerk of Court with Defendants' current work addresses, or, if not known, Defendants' last-known addresses.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any

documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the Court's files or disclosed by the Clerk.

It is **further ORDERED** that Herrera shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Herrera shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper that has not been filed with the Clerk of Court or that fails to include a certificate of service will be disregarded by the Court.

It is **further ORDERED** that Defendants shall timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Frazier** for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter shall be **REFERRED** to United States Magistrate Judge Phillip M. Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court,

8

who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   June 26, 2012**

*s/J. Phil Gilbert*
**United States District Judge**