IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDWIN HERRERA, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:11-cv-00810-JPG-PMF |
| ) | |
| LIEUTENANT WALTERS, et al., ) | |
| ) | |
|     Defendants. ) | |

**REPORT AND RECOMMENDATION**

**FRAZIER, Magistrate Judge:**

Before the Court is defendants' motion for summary judgment (Doc. No. 24). Plaintiff Edwin Herrera is proceeding under 42 U.S.C. § 1983 on a civil rights claim pertaining to the conditions of his former confinement at Lawrence Correctional Center. In Count 1, Herrera alleges that he was deprived of his Eighth Amendment right to be free from cruel and unusual punishment when defendants Andy Stout and Shane Walters used too much force after breaking up a fight between Herrera and his cellmate on February 28, 2010.

Herrera filed an unsigned response to the motion (Doc. No. 27). After being notified of the error, Herrera filed a corrected response (Doc. No. 31).

    **I.**    **Exhaustion of Administrative Remedies**

Defendants seek a ruling in their favor on their affirmative defense that Herrera failed to exhaust the Illinois Department of Corrections' administrative remedy procedure before initiating this litigation. Herrera's § 1983 claim is subject to the Prison Litigation Reform Act, which provides in pertinent part that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Court of Appeals requires strict compliance with the statute. *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006). Exhaustion means the prisoner has

abided by the administrative procedures for pursing relief. *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). That is, the inmate must file complaints and appeals "in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Failure to exhaust administrative remedies is an affirmative defense and the defendants bear the burden of proof. *Obriecht v. Raemisch*, 517 F.3d 489, 492 (7th Cir. 2008).

In Illinois, the grievance process usually includes five levels of review. A prisoner first submits his grievance to a counselor. He may then submit a formal grievance to the grievance officer. The warden makes the final decision at the institutional level. A prisoner who is not satisfied by the warden's response may appeal to the Director. Those appeals are handled initially by the administrative review board (ARB). The Director issues the final decision. 20 Ill. Admin. Code § 504.810 et seq.

In some circumstances, administrative remedies may not be available to the prisoner. For example, a procedure is not available if prison officials refuse to provide the forms needed to initiate or complete the procedure. *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006); *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004). The availability of a remedy is not what appears to be on paper, but whether the process was in reality open for use. *Kaba v. Stepp*, 458 F.3d. 678, 684 (7th Cir. 2006).

The conditions challenged by Herrera in Count 1 occurred on February 28, 2010. Herrera's interrogatory responses show that he wrote five grievances in February, 2010 (Doc. No. 25-1, p. 9). The subject matter of those grievances may not be discerned, as copies were not presented for review. While Herrera believes those grievances were thrown out by members of the prison staff, he has not supported that position with competent evidence. At some point, Herrera prepared a sixth grievance combining his complaint in Count 1 (about excessive use of force) with a more recent complaint about inadequate medical treatment. Herrera's counselor (T. Kittler) received that grievance on June 21, 2010, and responded the same day, informing

Herrera that he had presented the grievance outside the 60-day time frame.[1] Herrera forwarded the sixth grievance to Pamela Moran, a grievance officer, who also thought the grievance was untimely. Herrera forwarded the sixth grievance to the ARB, which received it on July 30, 2010. On August 12, 2010, a member of the ARB returned the grievance to Herrera without considering his allegations of staff misconduct, finding that the grievance had been submitted outside of the 60-day timeframe and there was no justification for additional consideration (Doc. No. 25-1, pp. 1-5).

The Court is satisfied that the defendants have demonstrated the merit of their affirmative defense. They point to facts showing that Herrera had reasonable access to the prison's grievance procedure and filed a grievance pertaining to Count 1 too late, as determined by all reviewing officials. In these circumstances, administrative findings that Herrera's grievance was untimely are state law decisions deserving respect by this Court. *Pavey v. Conley*, 663 F.3d 889, 905(7th Cir. 2011); *Pozo v. McCaughtry*, 286 F.3d at 1024-25.

## II.  Conclusion

IT IS RECOMMENDED that defendants' motion for summary judgment (Doc. No. 24) be GRANTED. Count 1 should be dismissed without prejudice for failure to exhaust administrative remedies. If this recommendation is adopted, no claims will remain for decision.

**SUBMITTED: March 21, 2013.**

    s/Philip M. Frazier
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] A department rule provides that a "grievance shall be filed within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance." 20 Ill. Admin. Code § 504.810(a). An untimely grievance shall be considered if an inmate demonstrates good cause. *Id*.